**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1932
_____

In Re: MEGAN P. THOMAS,
                                        Debtor

CHRISTOPHER W. SPAGNOLA; NATALIE SPAGNOLA,
                                               Appellants

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-18-cv-00011)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 30, 2020

Before:  KRAUSE, PHIPPS, and GREENBERG, *Circuit Judges*.

(Opinion filed: September 23, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

This case involves a dispute about an auction of real property as part of a bankruptcy proceeding. The property – a house and 28 wooded acres located at 3414 Trone Road, Glenville, York County, Pennsylvania – was residential property that the debtor, Megan Thomas, co-owned with her estranged husband, and it was subject to a lien of approximately $400,000 held by M&T Bank. The highest bidders at the auction, Christopher and Natalie Spagnola, bid $255,000 for the property, but the Bankruptcy Court did not approve the auction sale because, at that price, the proceeds from the sale would not cover M&T Bank's lien. That is the nub of the dispute: the Spagnolas assert that the auction was 'absolute,' meaning that the sale was free and clear of the lien, while M&T Bank contends that the auction was 'with reserve,' meaning that the sale price at the auction had to cover its lien.

This controversy originates from two orders by the Bankruptcy Court. The first order, the Plan Confirmation Order, provided that the Trone Road property had to be sold within a year to pay M&T Bank "*up to* the full amount of its allowed secured claim." Chapter 13 Plan (Rider) (JA vol. 2 at 17) (emphasis added). The Bankruptcy Court later issued the second relevant order, the Amended Auction Sale Order, in an adversarial proceeding (which was necessary to account for the co-ownership interests of Thomas's estranged husband). That order conditioned the sale upon M&T Bank's being *paid in full* for its lien:

> Nothing contained herein shall approve the sale of the Trone Road Property unless M&T Bank is paid in full on account of the loan secured by its first priority mortgage lien on Trone Road.

Amended Order Authorizing and Approving Sale at 9, ¶ 16 (JA vol. 2 at 33).

After those orders, Thomas arranged for the auction. In contracting with the auctioneer to sell the property, she specified that the auction would be absolute. The auction was also advertised as an absolute auction. Nonetheless, Thomas's counsel informed the auctioneer that the auction was subject to the full value of M&T Bank's lien: "M&T Bank needs to be paid in full. The last number which we have as owed to

M&T is approximately $400,000. This is a condition of the auction sale." Letter from Robert E. Chernicoff to Kerry Pae (sent via email Nov. 3, 2016) (available at M.D. Pa., Case No. 18-cv-00011-SHR, ECF No. 3-3 (Jan. 31, 2018)).

To resolve the dispute about the type of auction that its orders required, the Bankruptcy Court held an evidentiary hearing. It determined that the Plan Confirmation Order contained ambiguities, but the Amended Auction Sale Order did not, and therefore the Amended Auction Sale Order controlled. With that, the Bankruptcy Court concluded that the auction was not an absolute auction but rather it was an auction with reserve. And because the sale price did not exceed the amount of the lien, the Bankruptcy Court did not approve the sale.

The Spagnolas disagreed with that ruling, and they appealed to the District Court, which affirmed the Bankruptcy Court's ruling. The Spagnolas now appeal that ruling and seek to recoup their attorneys' fees and other costs associated with the auction as administrative expenses. For the reasons below, we will affirm the judgment of the District Court.

In evaluating this timely appeal,[1] we review the District Court's decision *de novo*. Thus, we apply the same standard of review to the Bankruptcy Court's ruling as did the District Court. In reviewing a Bankruptcy Court's interpretation of its own order, a District Court applies *de novo* review to pure legal questions, otherwise the Bankruptcy Court's interpretation of its own orders, including approved reorganization plans,

---

[1] This appeal is within this Court's appellate jurisdiction. *See* 28 U.S.C. §§ 158(d), 1291. The District Court also had appellate jurisdiction over the appeal of the Bankruptcy Court's order. *See* 28 U.S.C. § 158(a)(1). The Bankruptcy Court exercised jurisdiction through a statutorily authorized delegation from the District Court. *See* 28 U.S.C. § 157(a) (allowing district courts to refer cases arising under the bankruptcy code to a bankruptcy judge); *id.* § 1334(a) (conferring district courts with original and exclusive jurisdiction over cases under the bankruptcy code); In re Referral of Bankruptcy Matters, misc. no. 84-0203 (M.D. Pa. July 26, 1984) (referring all bankruptcy matters from the Middle District of Pennsylvania to that Bankruptcy Court); *see also In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004).

receives abuse-of-discretion review. *In re Shenango Grp. Inc.,* 501 F.3d 338, 346 (3d Cir. 2007).

Under that standard of review, the auction was with reserve, subject M&T Bank's lien. The Plan Approval Order allowed M&T Bank to receive "up to" the value of its lien. Chapter 13 Plan (Rider) (JA vol. 2 at 17). That order did not specify the precise amount of M&T Bank's recovery, but rather it provided a range for that recovery – somewhere between nothing and the value of its lien. Eventually, of course, the amount of that recovery would have to be determined with certainty. And that is what the Amended Auction Sale Order did. It allowed a recovery amount within that range, albeit at the top of that range: the value of M&T Bank's lien. The orders, therefore, were not in tension; the Amended Auction Sale Order provided a value within the range identified by the Plan Confirmation Order. That later-in-time specificity meant that the auction was with reserve, and thus neither the District Court nor the Bankruptcy Court erred in rejecting the auction sale for the property for a value less than the amount of M&T Bank's lien.

Finally, the Spagnolas request reimbursement from the estate for their attorneys' fees and other expenses in connection with the auction as administrative expenses. The Bankruptcy Code permits payment of "the actual, necessary costs and expenses of preserving the estate" expenses "after notice and a hearing." 11 U.S.C. § 503(b)(1)(A). But the Spagnolas did not preserve that issue for purposes of this appeal.

\* \* \*

For these reasons, we will affirm the judgment of the District Court.

4